# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DOWNSTREAM ENVIRONMENTAL, L.L.C., § § § Plaintiff, § § VS. § CIVIL ACTION NO. H-05-1865 § GULF COAST WASTE DISPOSAL § AUTHORITY, *et al.*, § § Defendants. § | |

## MEMORANDUM AND OPINION

Defendants Klaus Genssler and US Oil Recovery L.L.P. (USOR) moved for sanctions against plaintiff Downstream Environmental, L.L.C. and its counsel, Mary Wimbish, under Rule 11 of the Federal Rules of Civil Procedure. This court denied the sanctions motion in granting defendants' motion to dismiss all but one claim and denying Downstream's motion for leave to file a third amended complaint, except as to one claim. Shortly after the court issued its ruling, Downstream nonsuited the remaining claims and this court entered final judgment. Defendants then filed a postjudgment motion for sanctions against Downstream and its counsel. (Docket Entry No. 51). Downstream has responded. (Docket Entry No. 52).

A district court has broad discretion in determining whether a sanction is warranted and what sanction is appropriate. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990). The test for imposing Rule 11 sanctions is whether the attorney's conduct was objectively reasonable under the circumstances. *Thomas v. Capital Sec. Servs., Inc.*, 836

F.2d 866, 873 (5th Cir. 1988).

Rule 11 generally requires an attorney to conduct a reasonable inquiry into the relevant law and facts before signing pleadings, written motions, or other documents, and it prescribes sanctions for violations of these obligations. FED. R. CIV. P. 11(a)-(c). Rule 11 "prohibits filings made with 'any improper purpose,' the offering of 'frivolous' arguments, and the assertion of factual allegations without 'evidentiary support' or the 'likely' prospect of such support." *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 33, 39 (1st Cir. 2005). Anyone presenting a motion must certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the paper being filed does not violate one of the Rule 11 prohibitions. FED. R. CIV. P. 11(b). With respect to a legal contention, an argument is not frivolous if the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. FED. R. CIV. P. 11(b)(2).[1] Rule 11(c)(1)(A) also requires that the party seeking sanctions must

---

[1] Specifically, Rule 11(b) provides:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

provide "safe harbor" notice by serving the Rule 11 motion on the opposing party at least 21 days before filing the motion with the district court, and sanctions may only be sought if the offending filing is not withdrawn or corrected within 21 days after service of the motion. FED. R. CIV. P. 11(c)(1)(A). It is undisputed that defendants complied with the safe-harbor notice requirement.

Determinations under Rule 11 often involve "fact-intensive, close calls." *Cooter & Gell*, 496 U.S. at 404 (internal quotation marks omitted); *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004 (8th Cir. 2006). To support a frivolousness finding, some degree of fault is required, but the fault need not be a wicked or subjectively reckless state of mind. Rather, an individual "must, at the very least, be culpably careless to commit a violation." *Young*, 404 F.3d at 39. Although Downstream suggests that this court should apply a subjective good-faith standard to its conduct, the rule "establishes an objective standard, intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." FED. R. CIV. P. 11 Committee Notes (1993 amendments); *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003) ("A good faith belief in the merits of a case is insufficient to avoid sanctions.").

Downstream asserted a number of claims based on the same conduct. Downstream

---

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. CIV. P. 11(b).

challenged the defendants' allegedly improper practices in disposing of certain kinds of waste, allowing them to avoid regulatory and environmental requirements. This in turn allowed the defendants to operate more cheaply, to Downstream's commercial disadvantage.

The defendants argue that sanctions are appropriate based on Downstream's counsel's admission that she filed suit because of her dissatisfaction with the state's regulatory enforcement. The scant case law supported the defendants' argument that Downstream could not assert a private cause of action under the state environmental protection regulations. Downstream then amended its complaint to allege federal claims under the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and RICO, 18 U.S.C. § 1964(c). As this court pointed out in its detailed Memorandum and Opinion issued in July 2006, the law relating to the RICO claim was clarified only recently. In June 2006, the Supreme Court issued its opinion in *Anza v. Ideal Steel Supply Corp.*, 126 S. Ct. 1991 (2006), precluding Downstream's RICO claim.

Rule 11 sanctions are a coercive mechanism available to trial court judges to enforce ethical standards on attorneys appearing before them. Judges temper this need to enforce ethical standards with the concern of not stymying zealous advocacy. Although the imposition of sanctions is within the district court's province, "any such decision [should be] made with restraint and discretion." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999).

At least one of Downstream's claims was not so frivolous as to make sanctions appropriate. The RICO claim was not precluded at the time of filing, but later invalidated by a Supreme Court ruling. The fact that Downstream asserted but later withdrew its patent,

4

copyright, antitrust, and other claims also undercuts the defendants' argument for sanctions. The defendants have not separated the fees they incurred in defending against claims that should not have been raised and were not withdrawn even after any safe harbor expired from claims that were not frivolous when filed but pursued even after their lack of support became apparent. On such a record, this court denies the postjudgment motion for sanctions.

SIGNED on November 7, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge